UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Joseph Thomas,

    Petitioner,

          v.                              Case No.  07cv858

Warden, Lebanon Correctional        Judge Michael R. Barrett
Institution,

    Respondent.

## **ORDER**

This matter is before the court upon petitioner's objection (Doc. 17) to the magistrate's Report and Recommendation (Doc. 13) recommending petitioner's petition for writ of habeas corpus be denied.

    I.        Procedural and Factual Background

The procedural background and facts of this case are sufficiently set forth in the Report and Recommendation and are derived from the state court record.  These facts are presumed correct under 28 U.S.C. §2254(e)(1) and will not be restated here other than to briefly state that Petitioner seeks relief from the concurrent nine year sentences he received for a conviction of rape and kidnapping.

Petitioner argued that because of ineffective counsel, incorrect jury instructions, double jeopardy, the unconstitutionality of *Foster*, and the other courts' interpretation of "substantially impaired," habeas relief should be granted.  The Warden replied that the above arguments fail to meet the required legal standard under federal and state law, and the writ of habeas corpus should be dismissed.  The Magistrate Judge agreed with Respondent and recommends that the writ of habeas corpus be denied.

II.    Legal Analysis and Opinion

When objections are received to a magistrate judge's Report and Recommendation on a dispositive matter, the assigned district judge "shall make a de novo determination...of any portion of the magistrate judge's disposition to which specific written objection has been made...." Fed. R. Civ. P. 72(b). After review, the district judge "may accept, reject or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." *Id; see also* 28 U.S.C. 636(b)(1)(B). General objections are insufficient to preserve any issues for review; "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Secretary of Health and Human Services*, 932 F.2d 505 (6th Cir. 1991). Petitioner, after receiving a slight extension, timely objected.

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), governs the standards of review for state court decisions. The AEDPA provides that federal courts cannot grant a habeas petition for any claim that the state court adjudicated on the merits unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). See also *Miller v. Francis*, 269 F.3d 609, 614 (6th Cir. 2001).

The United States Supreme Court outlined the proper application of § 2254(d) in *Williams v. Taylor*, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000). To justify a

grant of habeas relief under the "contrary to" clause, "a federal court must find a violation of law clearly established by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision." *Miller*, 269 F.3d at 614 (internal quotations omitted) (quoting *Williams v. Taylor*, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389). Meanwhile, "under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 1523. The Sixth Circuit has held that, even if a federal court could determine that a state court incorrectly applied federal law, the court still could not grant relief unless it also finds that the state court ruling was unreasonable. *Simpson v. Jones*, 238 F.3d 399, 405 (6th Cir. 2000).

    I.    Petitioner's objection to the determination that ineffective counsel does not constitute "cause" to excuse a procedural default based upon counsel's failure to object at trial.

The Magistrate Judge found that Ground One, part two of the petition and Ground Two are procedurally defaulted and waived. Petitioner does not object to this finding but does object to the finding that his trial counsel's ineffectiveness was not "cause" for the procedural default. Petitioner argues that he was denied the effective assistance of counsel when his attorney failed to object to the testimony of the mother of the victim. He contends that the mother's testimony constituted inadmissable hearsay, was not subject to any recognized exception to the hearsay rule, improperly bolstered the testimony of the victim whose credibility was at issue in the case, and denied him a fair trial. Petitioner argues that it is well settled that ineffective counsel constitutes sufficient "cause" to overcome a procedural default citing *Coleman v. Thompson*, 501 U.S. 722 (1991). If a

3

petitioner's claims are procedurally defaulted he is deemed to have waived those claims for purposes of federal habeas corpus review, unless he can demonstrate the cause for the procedural default and the actual prejudice from the alleged constitutional error. *Murray v. Carrier*, 477 U.S. 478, 485, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986); *Engle v. Isaac*, 456 U.S. 107, 129, 102 S. Ct. 1558, 71 L. Ed. 2d 783 (1982); *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977).  The prejudice must have worked to the petitioner's "actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *U.S. v. Frady*, 456 U.S. 152, 172, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982).  Here, Petitioner has failed to show that his counsel's failure to object constituted ineffective assistance of counsel and therefore, he has not shown the cause for the default or the actual prejudice that allegedly resulted.  The Magistrate Judge properly applied the test setforth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984) which requires a petition to show that (1) his counsel made such serious errors that he was not functioning as the counsel guaranteed by the Sixth Amendment; and (2) his counsel's deficient performance prejudiced the defense by undermining the reliability of the result. Under this second prong, a petitioner must show that a "reasonable probability" exists that, but for his counsel's errors, the result of the criminal proceedings would have been different.  *Id.* at 694.  The Court of Appeals addressed this issue on the merits and correctly found that the Petitioner was not prejudiced by the alleged failure to object to the testimony of the victim's mother.  As set forth above, federal courts cannot grant a habeas petition for any claim that the state court adjudicated on the merits unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States;

4

or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). Based upon this Court's review of the record and the more thorough analysis set out in the Report and Recommendation, the decision of the Court of Appeals is not contrary to clearly established federal law not is it based upon an unreasonable determination of the facts. Thus, this objection is overruled.

> II.  Petitioner's objection to the Magistrate's failure to address the Third Ground fro Relief presented in the Petitioner.

Ground Three of Petitioner's Writ of Habeas Corpus is that he was denied due process and a fair trial by an impartial jury when the trial court refused to instruct on lesser included offenses.  It appears that the Magistrate Judge did fail to address this issue; however, such failure does not change the recommended holding in this case as Ground Three is without merit.

The Sixth Circuit has stated "the failure to instruct on lesser included offenses in noncapital cases. . . .is not an error of such character and magnitude to be cognizable in federal habeas corpus review."  *Bagby v. Sowders*, 894 F.2d 792, 797-98 (6th Cir.)(en banc), *cert. denied*, 496 U.S. 929 (1990); *Scott v. Elo*, 302 F.3d 598, 606 (6th Cir. 2002), *cert denied*, 537 U.S. 1192 (2003).  As the Supreme Court has refused to address this issue at this time, the Sixth Circuit law stands.  Therefore, it was not contrary to or an unreasonable application of clearly established Supreme Court precedent for the Court of Appeals to affirm the trial court's failure to give a lesser included offense instruction.

> III. Petitioner's objection to the Magistrate's findings that the state proved the "substantial" impairment of the complaining witness, and that the state proved the element of "force."

Petitioner argues that there was insufficient evidence to show that the victim was "substantially impaired" to support the charge of rape. The Magistrate Judge found that the Court of Appeals was correct in its determination that Petitioner had taken advantage of the victim's disability, specifically her inability to find her way home, to coerce her into performing fellatio. In addition, as the Court of Appeals correctly pointed out, Petitioner was trained to recognize disabilities and to treat the disabled according to their limitations. For the reasons below, this Court agrees with the Magistrate Judge and finds that the ruling of the Court of Appeals was not contrary to or an unreasonable application of clearly established Supreme Court precedent.

*State v. Zeh*, 31 Ohio St.3d 99 (Ohio 1987), is the best authority for the word "substanital." The court states, "[t]he phrase 'substantially impaired'. . . .must be given the meaning generally understood in common usage. . . .substantial impairment must be established by demonstrating a present reduction, diminution or decrease in the victim's ability, either to appreciate the nature of his conduct or to control his conduct." *Id.* at 103. According to the Supreme Court of Ohio, "the term 'substantial' is commonly understood to mean 'not seeming or imaginary,' 'not illusive,' 'considerable in amount,' and 'being that specified to a large degree or in the main.'" *State v. Robinson*, 124 Ohio St. 3d 76, 83 (Ohio 2009) (quoting Webster's Third New International Dictionary (1986).

This court has recently addressed the issue of substantial impairment in *Schuler*. *Schuler v. Hudson*, 2009 U.S. Dist. LEXIS 102737 (S.D. Ohio Oct. 1, 2009). The victim

6

in *Schuler* was not receiving professional assisted care and lived alone.  *Id.* at 15. Witnesses testified that the victim suffered from mild to moderate mental retardation, knew right from wrong, and received substantial assistance from family.  *Id.* at 19, 21. The court states, "[i]t is sufficient for the state to establish substantial impairment by offering evidence at trial establishing a reduction or decrease in the victim's ability to act or thinks."  *Id.* at 17 (quoting *State v. Doss*, 2008 Ohio 449, 2008 WL 323168, *3 (Ohio App. 8th Dist. 2008). The court ruled that "[t]here was sufficient evidence from which the trial court could reasonably infer that the victim's ability to resist or consent was substantially impaired by her mental condition."  *Id.* at 22.

The victim's disability is certainly "not seeming or imaginary," nor is it "illusive."  Her disability is severe enough that she is not able to live independently and her mental retardation is in the mild range although she functions more like a moderately-retarded person.  She is not able to hold a job in the community, outside of Goodwill.  In addition, there was evidence that the victim is unable to socially "gauge situations" and was "very immature and childlike."  Finally, the Petitioner admitted to being aware that the victim had mental health issues and that there was no question he knew she was mentally retarded.  The victim's impairment was at least as substantial as the victim in *Schuler*.  Therefore, there was sufficient evidence for the trial court to reasonably infer that the victim's ability to consent was substantially impaired by her mental condition.

Petitioner also argues that there was no evidence to support a finding of "force" as to the kidnapping offense.  However, this objection does not have merit.  There is evidence in the record that the defendant drove past the victim's stop, grabbed the victim's arm when

7

she tried to exit, that the defendant locked the doors, and that the victim was compelled to stay in the bus because she did not know how to get home on her own. Ohio law defines force as "any violence, compulsion, or constraint physically exerted by any means upon or against a person or thing." Ohio Rev. Code § 2901.01(A)(1). Under this definition, there was sufficient evidence from which the jury could conclude that petitioner used force to restrain the victim's liberty.

      VI.      Petitioner's objection to the opinion of the Magistrate Judge that Petitioner's Double Jeopardy issue has no merit.

Petitioner argues that, under the totality of the circumstances, that no separate animus can be found between the rape charge and the kidnapping charge and that his Fifth Amendment right against double jeopardy was violated by the imposition of multiple punishments for the same offense. Petitioner asserts that the kidnapping offense was incidental to the facts alleged in the rape charge. The Magistrate Judge properly set forth the law in this are and found that a separate animus existed for each crime.

Petitioner cites *State v. Cabrales*, 118 Ohio St.3d 54, 57 (Ohio 2008), to claim that double jeopardy occurred. In *Cabrales*, the Supreme Court of Ohio states that "[i]f the elements of the offenses correspond to such a degree that the commission of one crime will result in the commission of the other, the crimes are allied offenses of similar import." *State v. Cabrales*, 118 Ohio St.3d 54, 57 (Ohio 2008) (quoting *State v. Blankenship*, 38 Ohio St.3d 116, 117 (Ohio 1988)). However, here, the elements of kidnapping were separate from the elements of rape. Petitioner drove past the victim's bus stopped, dropped off the other passengers, drove to a secluded spot off of his normal route, locked

8

the doors, grabbed the victim's arm when she tried to leave, and refused to take her home until she performed fellatio.

In *State v. Adams*, the Supreme Court of Ohio states, when discussing double jeopardy in regards to rape and kidnapping, "where the restraint is prolonged, the confinement is secretive, or the movement is substantial so as to demonstrate a significance independent of the other offense, there exists a separate animus as to each offense sufficient to support separate convictions." *State v. Adams*, 103 Ohio St.3d 508, 526-27 (Ohio 2004) (quoting *State v. Logan*, 60 Ohio St.2d 126 at paragraph (a) of the syllabus (Ohio 1979)). Courts in Ohio have addressed double jeopardy in the context of rape and kidnapping many times. *See State v. Johnson*, 2009 Ohio 4367, *27 (8th App. Dist., Cuyahoga Cty, Aug. 27, 2009) (defendant drove victim away from a family party in a locked car to rape her; merger of kidnapping and rape was not appropriate); *State v. Smith*, 1988 Ohio App. LEXIS 1858, *13 (May 12, 1988) (defendant transported victim from defendant's house to an abandoned building to commit rape; separate animus existed); *State v. Simmerman*, 1983 Ohio App. LEXIS 14781, *4-5 (Dec. 14, 1983) (defendant transported victim three to four miles to commit rape, separate animus existed); *State v. Lynch*, 98 Ohio St.3d 514, 535-536 (defendant lured victim into his apartment and then moved her into his bedroom; separate animus existed). Based upon the evidence presented, the Court agrees with the Magistrate Judge. The Court of Appeals determination as to this issue is not contrary to nor involved an unreasonable application of federal law.

> V.  Petitioner's objection to the Magistrate Judge's determination that the grounds demonstrating an unconstitutionally enhanced sentence has no merit.

Petitioner, in his objections, now argues that the legislative intent and mandatory language of Ohio's sentencing statutes, pre-*Foster*, require a finding that his sentence exceeds the statutory maximum. Specifically, Petitioner argues that O.R.C. §2929.14(B) sets forth that the Court "shall impose the shortest term set forth in Section A." He asserts that Section A of §2929.14 then establishes the maximum sentence allowable to be three years in this instance as opposed to ten which is the maximum set forth for a first degree felony in Section A.

In *State v. Foster*, 109 Ohio St.3d 1, 25-30, the Supreme Court of Ohio, following the lead of the Supreme Court in *United States v. Booker*, 543 U.S. 220 (2005), eliminated mandatory sentencing laws and allowed the courts the freedom to sentence a defendant to any term within a crime's sentencing range without making findings of fact. Petitioner argues that the Ohio Supreme Court was wrong in creating "a 'sentencing range' that was neither created or intended by the legislature, or in existence as the time of the offense." (Doc. 17, p8). He further argues that this "range" creates an ex post facto effect and violates his due process. Petitioner argues that the state court as well as this court should just ignore *Foster* as being against the legislative intent.

For the reasons detailed in the Report and Recommendation, the defendant's argument has no merit. *Foster* applies, and a judge has discretion to impose any prison sentence within the statutory range of three to ten years for each offense, without the need for additional findings of fact. The judge had discretion to impose a sentence anywhere

from three years (minimum sentences, to run concurrently) to twenty years (two ten-year sentences to run consecutively). A nine-year sentence is well within the judge's discretion.

    VI.    Petitioner's objection to the recommendation of dismissal with prejudice of the Petitioner, the recommendation to deny a Certificate of Appealability, and to deny leave to proceed on appeal *in forma pauperis*.

Petitioner has failed to make a substantial showing of the denial of a constitutional right based on the claims alleged therein. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). The Court agrees with the Magistrate Judge that a certificate of appealability should not issue with respect to the claims alleged in the Petition, that an appeal of this Order would not be taken in "good faith," and that Petitioner should be denied leave to proceed on appeal *in forma pauperis*.

    VII.    Conclusion

Having reviewed this matter de novo, the Court finds the Magistrate Judge's Report and Recommendation thorough, well reasoned, and correct. Thus, the Court ADOPTS the Magistrate Judge's Report and Recommendation in its entirety (Doc. 13) with the addition of this Court's finding as to Ground Three, and DENIES WITH PREJUDICE Petitioner's writ of habeas corpus (Doc. 1). A certificate of appealability shall not issue as to Ground One, part two and Ground Two as those claims are waived and thus barred from review. In addition, because Petitioner has failed to make a substantial showing of the denial of a constitutional right in his petition, the Court FINDS that a certificate of appealability shall not issue with respect to the claims alleged in the Petition. Finally, the Court CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Order would not be taken in "good faith" and therefore DENIES Petitioner leave to appeal *in forma pauperis.* Fed. R. App. P. 24(a), *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

**IT IS SO ORDERED.**

                                              *s/Michael R. Barrett*
                                              UNITED STATES DISTRICT JUDGE